IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CONRAY CARROLL**                                                                **PETITIONER**
ADC #110901

V.            CASE NO. 4:20-CV-531-BRW-BD

**DEXTER PAYNE**, Director,
Arkansas Department of Correction                          **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**:

       This Recommendation for dismissal has been sent to Judge Billy Roy Wilson. Mr. Carroll may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

       To be considered, objections must be filed within 14 days. If Mr. Carroll does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**     **Jurisdiction:**

       On May 19, 2020, Conray Carroll, an inmate in the Arkansas Division of Correction ("ADC"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 2) Mr. Carroll pleaded guilty to rape on April 10, 1997 in Pulaski County Circuit Court and was sentenced as a habitual offender to 60 years' imprisonment

in the ADC. *Carroll v. Norris*, 5:08-CV-192-BRW-BD (E.D. Ark.) (Exhibit B to Brief in Support of Motion to Dismiss, Doc. No. 17-3 at 2).

On March 22, 2007, Mr. Carroll filed his first federal petition for a writ of habeas corpus. *Carroll v. Norris*, 5:07-CV-63-GH (E.D. Ark.) (Petition, Doc. No. 2). The district court allowed him to voluntarily dismiss his petition on April 10, 2007. *Id.* (Order, Doc. No. 7) He filed his next habeas petition on July 16, 2008. *Carroll v. Norris*, 5:08-CV-192-BRW-BD (E.D. Ark) (Petition, Doc. No. 2). Judge Wilson denied relief and dismissed the petition. *Id.* (Order, Doc. No. 29) The Eighth Circuit Court of Appeals denied Mr. Carroll's request for a certificate of appealability and dismissed his appeal. *Carroll v. Norris*, No. 08-3891 (8th Cir. 2009).

The Court lacks jurisdiction to hear the current petition because Mr. Carroll has already challenged his conviction through an earlier federal habeas petition.[1] Before he is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Eighth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even if the petitioner claims actual innocence in the second petition. 28 U.S.C. § 2244(b)(2)(B)(I)-(ii). Without an order from the court

---

[1] Mr. Carroll has filed two other petitions for writ of habeas corpus with this Court, and both were dismissed as unauthorized second or successive petitions. See *Carrol v. Kelley*, 5:15-CV-188-BRW-BD (Order Adopting Recommended Disposition, Doc. No. 5); *Carrol v. Kelley*, 4:18-CV-54-BRW-BD (Order Adopting Recommended Disposition, Doc. No. 17).

of appeals authorizing a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[2]

Summary dismissal of a habeas corpus petition – prior to a response or answer from the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases.

## III.   Conclusion:

The pending petition is clearly successive. Therefore, Judge Wilson should DENY and DISMISS Conray Carroll's petition for writ of habeas corpus (Doc. No. 2), without prejudice, for lack of jurisdiction; and Mr. Carroll's pending motion to proceed *in forma pauperis* (Doc. No. 1) should be DENIED as MOOT. Furthermore, Judge Wilson should deny a certificate of appealability.

DATED this 20th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).